IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON WELCH, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER | : | NO. 19-2023 |

MEMORANDUM

Bartle, J.                                                             January 29, 2020

       Plaintiff Vernon Welch has sued defendant Nationstar Mortgage, LLC, d/b/a Mr. Cooper ("Nationstar"). He asserts 14 separate causes of actions relating to a mortgage loan agreement.

       Before the court is the motion of defendant for partial dismissal of plaintiff's amended complaint. Specifically, defendant moves to dismiss Counts V, VI, VII, and VIII, as well as claims for punitive damages pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claim upon which relief can be granted. The defendant has filed an answer as to the remaining claims.

I

       The following facts are alleged in the amended complaint and are taken as true for present purposes. Plaintiff is a property owner residing in Philadelphia, Pennsylvania. In February 2007, plaintiff refinanced an existing mortgage upon the property. Nationstar is the current holder and servicer of

plaintiff's mortgage. In December 2016, plaintiff submitted an application for a loan modification under the Home Affordable Modification Program ("HAMP"). In January 2017, Nationstar offered plaintiff a Trial Period Plan ("TPP") under HAMP, requiring three payments, which plaintiff completed. Following the three payments, Nationstar offered plaintiff a permanent HAMP modification. Plaintiff made nine subsequent monthly mortgage payments from January 2017 to September 2017.

Nationstar returned plaintiff's October 2017 payment and notified him that he was now approved to enter into a Flex Modification Program ("Flex TPP") with trial payments due in November 2017, December 2017, and January 2018. Nationstar instructed plaintiff to contact Nationstar to accept the offer. In October 2017, plaintiff called Nationstar and accepted the offer but declined to set up automatic withdrawal from his bank account. Nationstar, however, subsequently withdrew a payment from plaintiff's bank account in November 2017 without plaintiff's permission. Plaintiff was unaware that Nationstar had already withdrawn a payment and authorized his bank to send Nationstar another payment due in November 2017. Nationstar returned the additional payment later in the month. Plaintiff made the second payment for the Flex TPP in December 2017.

In January 2018, plaintiff contacted Nationstar to discuss the double payment made in November 2017. A Nationstar

representative advised plaintiff to halt any further payments until the matter was investigated.  Plaintiff followed the directions and did not make any further payments.  On January 17, 2018, two weeks before he was required to make the last Flex TPP payment, Nationstar notified plaintiff that he was being denied permanent Flex Modification because he failed to make the required Flex TPP payments.  Plaintiff disputed the denial through a housing counselor but was not successful.

On May 9, 2018, Nationstar filed a foreclosure action against plaintiff in the Court of Common Pleas of the Philadelphia County.  This action remains pending.  Plaintiff attended two mandatory conciliation conferences in July 2018 and September 2018.  During the September 2018 conference, a Nationstar representative informed plaintiff that he would automatically receive another Flex Modification in November 2018.  In December 2018, however, Nationstar notified plaintiff that he was not eligible for a Flex Modification until January 16, 2019.  On January 18, 2019, Nationstar informed plaintiff that he was ineligible for a modification.

II

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a

light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, see id. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Twombly, 550 U.S. at 556).

III

Count V of the amended complaint alleges a breach of contract claim stemming from Nationstar's failure to provide plaintiff a flex modification based on an alleged failure to make trial payments. Plaintiff contends that the Flex TPP was a valid, bilateral contract which requires loan servicers to offer

-4-

permanent loan modifications as long as a mortgagor executes the agreement and makes timely payments. Plaintiff alleges that Nationstar anticipatorily breached the contract by denying him flex modification two weeks before he was required to make the last Flex TPP payment.

Defendant asserts that the Flex TPP constitutes a unilateral contract under which plaintiff was required to make certain payments, which he did not, and therefore, the claim must fail as a matter of law. Furthermore, defendant asserts that Nationstar could not have anticipatorily breached the Flex TPP since the contract in question provides no guarantee that plaintiff would automatically receive a permanent modification, rather plaintiff's application was subject to "review."

Unilateral contracts "involve only one promise and are formed when one party makes a promise in exchange for the other party's act or performance." Giant Eagle, Inc. v. Comm'r, 822 F.3d 666, 673 (3d Cir. 2016). Bilateral contracts "involve two promises and are created when one party promises to do or forbear from doing something in exchange for a promise from the other party do or forbear from doing something else." First Home Sav. Bank, FSB v. Nernberg, 648 A.2d 9, 14 (Pa. 1994).

Our Court of Appeals has also held that, "It is well established in our Circuit and elsewhere that TPPs operate as

valid contracts." Bukowski v. Wells Fargo Bank, 2018 WL 6584119, at *11 (3d Cir. filed Dec. 13, 2018) (citation omitted). To establish a claim for breach of contract, plaintiff must demonstrate the existence of a contract by showing offer, acceptance, consideration, and mutual assent. Plaintiff also must show breach and damages. Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007).

Plaintiff has pleaded sufficient allegations of a bilateral contract. A reasonable person in plaintiff's position would read the Flex TPP as an offer to provide a modification which he accepted and began performing to satisfy the required conditions (three subsequent payments). While plaintiff did not complete all three payments, he had until the end of January 2018 to make the third Flex TPP payment. Defendant's January 17, 2018 letter denying plaintiff flex modification before he had the opportunity to complete his end of the contract is an anticipatory breach.

Plaintiff has alleged he accepted a valid and enforceable bilateral contract, and he has satisfied the required conditions to state a viable claim for breach of contract.

Accordingly, defendant's motion to dismiss Count V will be denied.

IV

In Count VI, plaintiff makes a claim for promissory estoppel. Defendant maintains that this claim should be dismissed because Pennsylvania does not allow for a promissory estoppel claim when there is an underlying contract. Defendant is correct that Pennsylvania law does not allow for claim of promissory estoppel when a binding contract exists. <u>Atl. Paper Box Co. v. Whitman's Chocolates</u>, 844 F. Supp. 1038, 1043 (E.D. Pa. 1994). However, plaintiff may plead in the alternative. <u>Cave v. Saxon Mortg. Servs., Inc.</u>, 2013 WL 1915660, at *9 (E.D. Pa. May 9, 2013). Should it turn out that no binding contract exists, promissory estoppel may be a viable claim.

To recover under a theory of promissory estoppel, Plaintiff must establish: (1) defendant made a promise that would be reasonably expected to induce action or forbearance; (2) plaintiff actually took action or forbore from action in reliance on that promise; and (3) injustice can be avoided only by enforcing the promise. <u>Enchanted Acres Farm, Inc. v. Nature's One LLC</u>, 2019 WL 3545390, at *5 (E.D. Pa. Aug. 1, 2019).

Plaintiff successfully alleges a promise by defendant in paragraph 157 that would be reasonably expected to induce action or forbearance: "Nationstar offered Mr. Welch the

HAMP TPP to induce him to make trial payments in reliance on the promise of a loan modification.") (Am. Compl. ¶ 157). Paragraph 159 of the amended complaint alleges action taken by plaintiff in reliance on the alleged promise: "Mr. Welch in fact relied on Nationstar's promises of a HAMP modification when he made nine monthly payments. . . ." (Id. ¶ 159). Finally, plaintiff alleges damages and notifications of a foreclosure due to the fact defendant failed to honor its promise: "Mr. Welch suffered damages as a result of his detrimental reliance." (Id. ¶¶ 162–164). The potential injustice of a foreclosure can only be prevented by enforcing the alleged promise.

Plaintiff has adequately pleaded promissory estoppel. Therefore, the motion of defendant to dismiss plaintiff's Count VI will be denied.

V

Plaintiff alleges in Counts VII and VIII claims of negligent misrepresentation. Plaintiff avers that Nationstar owes him a duty of care under two federal statutes: (1) the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605; and (2) Truth in Lending Act ("TILA") 15 U.S.C. § 1640. Defendant maintains that the negligent misrepresentation claims are supplemental state law causes of action and must fail because: (1) Nationstar did not owe plaintiff any duty; and (2)

the claims are barred by the gist of the action doctrine and the economic loss doctrine.

The Pennsylvania Supreme Court has not decided as to whether a mortgage servicer has a duty of care to a mortgagor in a claim for negligent misrepresentation. However, the Court has stated that:

> The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include:
> (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution.

Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1169 (Pa. 2000). As noted by plaintiff, Pennsylvania recognizes that a duty to support a negligence claim may also arise from legislation or regulation. See generally Congini by Congini v. Portersville Valve Co., 470 A.2d 515 (Pa. 1983).

Here, plaintiff has pleaded sufficient facts to suggest that: (1) a duty may arise from legislation or regulation like RESPA and TILA; and (2) the Althaus test factors are met. The First Amended Complaint alleges that there is a relationship between the parties, that the social utility of a mortgagee providing accurate information is high, the nature of the risk is high if a mortgagee offers inaccurate information,

consequences of imposing liability is not significant, and overall public interest is high.  While at this stage it is premature for the court to conclude that a relationship in fact existed between these parties, plaintiff's allegations that such a duty did exist is sufficient to "raise a right to relief above the speculative level" such that plaintiff's claim is "plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This is particularly true given the utility of a mortgagee making truthful statements to mortgagors.

Accordingly, the motion of defendant to dismiss plaintiff's negligent misrepresentation claim based on the "no duty owed" theory will be denied.

Defendant also asserts that the "gist of the action" doctrine provides a basis for the court to dismiss plaintiff's negligence claims.  The "gist of the action" doctrine prohibits plaintiffs from transforming breach of contract causes of action into tort causes of action.  See Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. Ct. 2003).  However, Pennsylvania law is clear that if the facts establish that a claim involves the defendant's violation of a broader social duty, which is imposed by the law of torts (and exists regardless of a contractual relationship), then a tort claim may be valid.  Bruno v. Erie Ins. Co., A.3d 48, 50 (Pa. 2014).

As stated above, this court has determined that plaintiff has pleaded facts sufficient to establish that defendant owed plaintiff a duty beyond their contractual relationship.

As a result, the motion of defendant to dismiss plaintiff's Count VII and VIII based on the "gist of the action" doctrine will be denied.

Defendant similarly asserts that plaintiff's negligent misrepresentation claims are barred by the economic loss doctrine, which precludes tort claims alleging purely economic damages. See generally Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270 (Pa. 2005). However, the economic loss doctrine is inapplicable here because Pennsylvania law dictates that "if the duty arises independently of any contractual duties between the parties, then a breach of that duty may support a tort action." See Dittman v. UPMC, 196 A.3d 1036, 1054 (Pa. 2018).

Accordingly, the motion of defendant to dismiss plaintiff's Count VII and VIII based on the "economic loss" doctrine will be denied.

VI

Finally, defendant argues that plaintiff's request for punitive damages based on his negligent misrepresentation claims

should be dismissed because plaintiff failed to sufficiently plead "outrageous" and "extreme" conduct.

Under the applicable Pennsylvania law, punitive damages are proper "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Hutchison v. Luddy, 582 Pa. 114, 121 (2005). Although ordinary negligence will not support an award of punitive damages, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." Id. at 120 (citing Restatement (Second) of Torts § 908 (1979)).

Here, plaintiff has pleaded that defendant acted in a reckless manner and that its actions were outrageous. These allegations, if proven, may support a claim for punitive damages. Discovery is necessary to help make this determination. See Young v. Westfall, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007). Because we find plaintiff has adequately pleaded a claim for punitive damages in this action, the motion of defendant to dismiss plaintiff's claim for punitive damages will be denied.